## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

PROTOTYPE HOUSE, INC.,                    **CASE NO.:**

      Plaintiff,

v.

KICKR DESIGN LLC, a Georgia limited liability
company, and ADDISON SHELTON, an individual,

      Defendants.

_____/

## COMPLAINT

Plaintiff, Prototype House, Inc., a Florida corporation, by and through the undersigned counsel, hereby file this Complaint against Defendants, Kickr Design LLC (hereinafter "Kickr Design"), a Georgia limited liability company, and Addison Shelton (hereinafter "Shelton"), an individual, and, in so doing, state as follows:

## JURISDICTION, VENUE AND THE PARTIES

1.      This is an action which is, *in part*, brought pursuant to the Trademark Laws of the United States and 15 U.S.C. §§ 1114, 1125.

2.      This Court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States, and pursuant to Title

28, United States Code, Section 1367 for all related claims not falling under 28 U.S.C. § 1331.

3.     Plaintiff, Prototype House, Inc., is a Florida corporation with its principal address located at 719 E. Broward Blvd., Fort Lauderdale, Florida 33301 (hereinafter "Prototype House").

4.     At all times material hereto, Kickr Design was a Georgia limited liability company with its principal place of business located at 1710 Chattahooche Ave. NW, Suite 108, Atlanta, GA 30318 and was engaged in the conduct of interstate commerce, and has regularly conducted business in this judicial district, and is otherwise *sui juris.*

5.     At all times material hereto, Shelton is the principal owner, founder, CEO, operator, in charge of day-to-day operations, and member of Kickr Design, is also, upon information and belief, a resident within this judicial district, and is otherwise *sui juris*.

6.     Kickr Design and Shelton are in the product development business, and advertise and market said services in this judicial district.  See for example Kickr Design's website:  https://www.kickrdesign.com/ ("Kickr's Website").

7.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants have engaged in acts of infringement within this judicial district, wherein said acts are a subject of this Complaint.

<u>GENERAL ALLEGATIONS</u>

8.      Prototype House's services includes providing high-quality and reliable design, engineering, prototyping, product-packaging, and product manufacturing services for its clients; said another way, Prototype House provides product development services, namely, design and engineering of prototypes representing new products, ideas, concepts, and inventions (the above services collectively referred to as "Prototype House Services").

9.      Prototype House is a product development firm based in South Florida and has, since 2013, marketed and advertised the Prototype House Services under the mark, Prototype House, and has clients, across the United States and in countries outside of the United States.

10.     Before 2013 and since 2010, Prototype House's principal owner, Matthew Bordy ("Bordy"), marketed and advertised the Prototype House Services under the mark, Prototype House, and has clients, across the United States and in countries outside of the United States.

11.    The Prototype House Services are marketed online over the Internet and in digital media, social media, advertising, and printed marketing materials.

12.    Prototype House owns, through an assignment from Bordy to Prototype House, U.S. Trademark Reg. No. 4,781,438 ("the '438 Registration") for the Prototype House mark (including all the goodwill, rights, interests, and title associated therewith), in connection with the services described as: "New product development services, namely, design and engineering of prototypes representing new products, ideas, concepts, and inventions." The registration issued on July 28, 2015, enjoys a priority-of-use date of January of 2010, and is valid and subsisting.

13.    Since 2010, Bordy and Prototype House have invested extensive capital in building the goodwill of its business by advertising under the Prototype House mark to promote its business.

14.    Based upon the continuous and substantially exclusive use of the "Prototype House" mark, and as a consequence of the Prototype House's advertising, promotion and sale of the Prototype House Services, and provision of said services under the "Prototype House" mark, the "Prototype House" mark has become strong and is distinctive of Prototype House's services in the minds of the consuming public.

15.   The public recognizes the "Prototype House" mark as representing the quality and value of Prototype House's services, identifying Prototype House's services as coming from a single source, and distinguishing Prototype House's services from other services marketed and provided by other sources.

16.   Prototype House has developed and acquired a valuable reputation in the minds of the consuming public in connection with its services advertised under the "Prototype House" mark and has enjoyed the goodwill associated therewith.

17.   The "Prototype House" mark is today among Prototype House's most valuable asset.

18.   Kickr Design is a competitor of Prototype House, providing product development services, including the design and engineering of prototypes representing new products, ideas, concepts, and inventions.

19.   Upon information and belief, Kickr Design and/or Shelton employed the term "Prototype House" as a Google Adword in order to: (a) detract from Prototype House's goodwill and reputation and/or (b) cause prospective and/or actual consumers of Prototype House or seeking product development services to visit Kickr's Website and ultimately retain Kickr Design.

20.   To that end, when searching the term "Prototype House" on Google, the following results and commercial advertisement appears (hereinafter referred to

as "Kickr Advertisement"—a true and correct capture is reproduced below and

attached hereto as Exhibit "A"):



21.    The Kickr Advertisement displays ahead of authorized and/or self-

provided listings of Prototype House to detract from Prototype House's goodwill

and reputation based on believed-to-be inferior services of Kickr Design and/or

cause prospective and/or actual consumers of Prototype House or consumers

seeking product development services to visit Kickr's Website and ultimately retain Kicker Design, thereby causing Prototype House actual damages.

22.   The Kickr Advertisement utilizes and markets the term "Prototype House" in the title of the Kickr Advertisement, thereby inconspicuously treading on the goodwill and reputation of Prototype House.

23.   The Kickr Advertisement also advertises, under the Prototype House mark, prototyping, "rapid prototyping including 3D print, electronics, software [and] Expert Engineering."

24.   Upon information and belief, Shelton is the controlling, supervising, ratifying, and/or motivating force behind the selection and use of the Prototype House mark as a Google Adword and in the Kickr Advertisement.

25.   Upon information and belief, Shelton is the ultimate decision maker behind and/or supervisors or condones use of the selection and use of the Prototype House mark as a Google Adword and in the Kickr Advertisement.

26.   Upon information and belief, the selection and use of the Prototype House mark by Shelton and/or Kickr Design as a Google Adword and in the Kickr Advertisement was intentional, deliberate, done in bad faith, and/or in a malicious manner to the detriment of Prototype House and to cause consumer confusion in the marketplace.

27.     Shelton and/or Kickr Design also own, operate, or control the Kickr Website, which actively advertises, markets, and/or sells its services to consumers throughout North America.

28.     Defendants' use of "Prototype House" is identical to the "Prototype House" mark protected by the '438 Registration and under federal common law.

29.     Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the "Prototype House" mark to identify Prototype House Services and to distinguish Prototype House's services from the services of others.

30.     Defendants were aware or should have been aware that its uses of Prototype House would likely confuse, mislead and otherwise deceive consumers into believing that Defendants' services originate from or are licensed, sponsored, approved or authorized by Prototype House.

31.     Defendants' acts have likely caused confusion among the consuming public and consumers as to the source, approval, sponsorship or affiliation of Defendants' offered services with the like goods and services of Prototype House.

32.     By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by Prototype House in connection with the "Prototype House" mark.

33.    Upon information and belief, Defendants' acts were committed with the intent to confuse or deceive the consuming public into believing that Defendants' product development services originate from or are licensed, sponsored, approved or authorized by Prototype House.

34.    Defendants' acts will likely induce customers to seek out Defendants' product development and prototyping services under the mistaken belief that they are seeking the product development and/or prototyping related services of Prototype.

35.    The aforementioned confusion is particularly problematic as Prototype House also has clients and markets/advertises in the same geographic region (including within this judicial district), and through the same channels of trade, as Defendants.

36.    As a result of Defendants' conduct, Prototype House has suffered and, unless enjoined by this Court, will continue to suffer irreparable damage to its business, reputation and goodwill.

37.    As a direct result of the actions of Shelton and/or Kickr Design, Prototype House has retained the services of counsel, and are obligated to pay their counsel all attorneys' fees and costs associated with the investigation, preparation and prosecution of the instant lawsuit.

## COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (AGAINST SHELTON AND KICKR DESIGN)

38.     Prototype House realleges and revers paragraphs 1 through 37 as if fully set forth herein.

39.     This is a claim for trademark infringement and counterfeiting under 15 U.S.C. § 1114(1).  T

40.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

41.     The "Prototype House" mark is federally registered.

42.     This registration also enjoys a statutory presumption of validity, ownership of the mark, and Prototype House's exclusive right to use the "Prototype House" mark in connection with the Prototype House Services.

43.     The Defendants' unauthorized use of the "Prototype House" mark on or in connection with the advertising and sale of product development and/or prototyping services, as described above, constitutes the use of Prototype House's registered mark in commerce.

44.    Defendants' unauthorized use of the "Prototype House" mark is spurious.

45.    Defendants' unauthorized use of the "Prototype House" mark is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendants' products and services emanate or originate from Prototype House when they do not; or that Prototype House has authorized, sponsored, approved or otherwise associated itself with the Defendants or their services bearing the "Prototype House" mark.

46.    Defendants' unauthorized use of the "Prototype House" mark has resulted in the Defendants unfairly and illegally benefitting from the Prototype House's goodwill.

47.    This conduct has caused substantial and irreparable injury to Prototype House, the "Prototype House" mark, and the substantial goodwill represented thereby.

48.    Accordingly, Defendants have engaged in trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114.

49.    Prototype House has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Prototype House, Inc., by and through the undersigned, hereby respectfully demands judgment against Defendants, Kickr Design LLC and Addison Shelton, said judgment which should include provisions:

a) temporarily and permanently enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark infringement pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, Prototype House, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of product development or prototyping services;

b) awarding to Prototype House damages sustained by reason of Defendants' trademark infringement adequate to compensate Prototype House, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

c) awarding to Prototype House exemplary damages for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

d) awarding to Prototype House its reasonable attorneys' fees for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark, Prototype House, or any marks confusingly similar to the Prototype House mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Prototype House;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Prototype House;

h) awarding remuneration of Prototype House's costs and expenses for Prototype House to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT II – FEDERAL UNFAIR COMPETITION
### (AGAINST SHELTON AND KICKR DESIGN)

50.    Prototype House realleges and revers paragraphs 1 through 37 as if fully set forth herein.

51.    This is a claim for Federal unfair competition under 15 U.S.C. § 1125(a).

52.    Defendants' advertisement, marketing, and provision of product development and/or prototyping services in connection with the mark, Prototype House, is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Prototype House or as to the sponsorship or approval of Defendants' product development and/or prototyping services by Prototype House.

53.    Defendants' acts are without license from or permission of Prototype House.

54.    Defendants' acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55.   Defendants' conduct has and continues to cause irreparable injury to Prototype House and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Prototype House for which there is no adequate remedy of law.

56.   Prototype House has also suffered and continues to suffer irreparable injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

57.   Defendants knew or had reason to know of Prototype House's longstanding and widely recognized use of its "Prototype House" mark, and nevertheless intentionally adopted the "Prototype House" mark as described above, which is identical to the "Prototype House" mark owned by Prototype House.

58.   Given that Defendants' actions were willful, deliberate, and/or fraudulent, Prototype House is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

59.   Prototype House has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Prototype House, Inc., by and through the undersigned, hereby respectfully demands judgment against Defendants, Kickr Design LLC and Addison Shelton, said judgment which should include provisions:

a) temporarily and permanently enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark infringement pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, Prototype House, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of product development or prototyping services;

b) awarding to Prototype House damages sustained by reason of Defendants' willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

c) awarding to Prototype House exemplary damages for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

d) awarding to Prototype House its reasonable attorneys' fees for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark, Prototype House, or any marks confusingly similar to the Prototype House mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Prototype House;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Prototype House;

h) awarding remuneration of Prototype House's costs and expenses for Prototype House to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT III – FALSE DESIGNATION OF ORIGIN
### (AGAINST SHELTON AND KICKR DESIGN)

60.     Prototype House realleges and revers paragraphs 1 through 37 as if fully set forth herein.

61.     This is a claim for Federal false designation of origin in violation of 15 U.S.C. § 1125(a).

62.     Defendants' advertisement, marketing, and provision of product development and/or prototyping services in connection with the mark, Prototype House, falsely designates and misrepresents the origin of said services and is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Prototype House or as to the sponsorship or approval of Defendants' insurance services by Prototype House.

63.     Defendants' acts are without license from or permission of Prototype House.

64.     Defendants' acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

65.     Defendants' conduct has and continues to cause irreparable injury to Prototype House and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Prototype House for which there is no adequate remedy of law.

66.    Prototype House has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

67.    Defendants knew or had reason to know of Prototype House's longstanding and widely recognized use of its Prototype House mark, and nevertheless intentionally adopted the mark, Prototype House, as described above, which is identical to the "Prototype House" mark.

68.    Given that Defendants' actions were willful, deliberate, and fraudulent, Prototype House is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

69.    Prototype House has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Prototype House, Inc., by and through the undersigned, hereby respectfully demands judgment against Defendants, Kickr Design LLC and Addison Shelton, said judgment which should include provisions:

a) temporarily and permanently enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark infringement pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, Prototype House, or any similar trademark, trade name, logo,

corporate name, service mark in connection with the sale, marketing, or advertising of product development or prototyping services;

b) awarding to Prototype House damages sustained by reason of Defendants' willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

c) awarding to Prototype House exemplary damages for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

d) awarding to Prototype House its reasonable attorneys' fees for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark, Prototype House, or any marks confusingly similar to the Prototype House mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Prototype House;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Prototype House;

h) awarding remuneration of Prototype House's costs and expenses for Prototype House to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT IV - FALSE ADVERTISING
### (AGAINST KICKER DESIGN LLC)

70.    Prototype House realleges and revers paragraphs one (1) through forty-nine (49) as if fully set forth herein.

71.    Kickr's Website markets and advertises in U.S. commerce that it is "the fastest growing product design, engineering, prototyping, and manufacturing company in the Southeastern United States" (Kickr's Statement"—a true and correct capture is attached hereto as Exhibit "B").

72.    Kickr's Statement is a false or misleading representation of fact, as Kickr is not, and/or has no way to objectively confirm, that it is the fastest growing product design, engineering, prototyping, and manufacturing company in the Southeastern United States.

73.    Kickr's Statement deceived, or had the capacity to deceive, consumers viewing said statement.

74.    The deception associated with Kickr's Statement had a material effect on purchasing decisions of consumers.

75.    Prototype House has been or is likely to be injured as a result of the dissemination of the Kickr's Statement.

WHEREFORE, Plaintiff, Prototype House, Inc., by and through the undersigned, hereby respectfully demands judgment against Defendants, Kickr Design LLC and Addison Shelton, said judgment which should include provisions:

    a) removing and permanently enjoining the Kickr Design LLC, and all of those acting in concert with it, including, but not limited to, its agents, affiliates, subsidiaries, officers, directors, attorneys and

employees from disseminating in commerce that they are "the fastest growing product design, engineering, prototyping, and manufacturing company in the Southeastern United States";

b) compensating Prototype House, Inc. for the full amount of damages sustained, including, but not limited to, any and all damage remedies; and/or

c) for such further and additional relief this Court deems just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Prototype House, Inc. hereby demand trial by jury of all issues so triable as a matter of law.

**Dated this 9th day of November, 2018.**

Respectfully Submitted,

/s/ TOQEER ABBAS CHOUHAN
TOQEER ABBAS CHOUHAN, ESQ.
TOQEER@CHOUHANLAW.COM
TOSIF A. CHOUHAN, ESQ.
TOSIF@CHOUHANLAW.COM
**THE CHOUHAN LAW FIRM LLC**
100 GALLERIA PARKWAY SUITE 1010
ATLANTA, GA 30339
(678) 718-5512

AND

**JOHNSON | DALAL**
MARK C. JOHNSON, ESQ. (*Pro Hac Vice* Application Forthcoming)
MJ@JOHNSONDALAL.COM
ABDUL-SUMI DALAL (*Pro Hac Vice* Application Forthcoming)
AD@JOHNSONDALAL.COM
111 N. PINE ISLAND ROAD, SUITE 103
PLANTATION, FL 33324

Tel:  (954) 507-4500
Fax: (954) 507-4502

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

I hereby certify that the foregoing has been prepared with one of the fonts and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 point.

Respectfully submitted this 9th day of November, 2018.

/s/ TOQEER ABBAS CHOUHAN__
TOQEER ABBAS CHOUHAN, ESQ.
TOQEER@CHOUHANLAW.COM
**THE CHOUHAN LAW FIRM LLC**
100 GALLERIA PARKWAY SUITE 1010
ATLANTA, GA 30339
(678) 718-5512

*Attorneys for Plaintiff*